UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNDAY ADEOSHUN | CIVIL ACTION |
| VERSUS | NO. 05-0189 |
| U.S. DEPT. OF JUSTICE | SECTION: "F"(3) |

### ORDER AND REASONS

Plaintiff, Sunday Adeoshun, a federal inmate incarcerated in Texas, filed this *pro se* civil action against the United States Department of Justice. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

The defendant has filed a motion to dismiss or, in the alternative, motion for summary judgment.[2] Plaintiff has opposed that motion.[3]

In this lawsuit, plaintiff seeks documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. His attempts to secure those documents from the United States Department of Justice have been unsuccessful.

---

[1]  Rec. Doc. 40; see also Rec. Doc. 17.

[2]  Rec. Doc. 31; see also Rec. Doc. 36.

[3]  Rec. Doc. 39.

Congress enacted FOIA to facilitate public access to government documents. <u>United States Department of State v. Ray</u>, 502 U.S. 164, 173 (1991). FOIA establishes a regime "designed to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." <u>Department of the Air Force v. Rose</u>, 425 U.S. 352, 361 (1976) (internal quotation marks omitted). A government agency, subject to certain exemptions provided by law, is generally required to make full disclosure in response to a citizen's request for public information under FOIA. 5 U.S.C. § 552; <u>see also</u> <u>Sherman v. United States Department of the Army</u>, 244 F.3d 357, 360 (5th Cir. 2001).

The Privacy Act likewise gives individuals access to federal agency records pertaining to them. Under the act, upon an individual's request, an agency must disclose all of the information pertaining to that person contained in the agency's records. 5 U.S.C. § 552a(d)(1). An agency, however, may promulgate rules to exempt certain information from disclosure. <u>See</u> 5 U.S.C. § 552a(j) & (k); <u>see also</u> <u>Villanueva v. Department of Justice</u>, 782 F.2d 528, 531 (5th Cir. 1986).

In the instant case, plaintiff seeks documents relating to his federal criminal prosecution in this Court in Criminal Action No. 01-13. Specifically, he seeks "(1) the affidavit of the State Police physical inspection, (2) laboratory worksheets, (3) copies of all memoranda worksheets, and (4) the handwriting expert conclusion."[4]

Defendant contends that plaintiff is not entitled to relief because he failed to exhaust his administrative remedies prior to filing this lawsuit. Neither FOIA nor the Privacy Act expressly requires that a claimant exhaust his administrative remedies before requesting judicial relief. <u>Taylor v. United States Department of Treasury</u>, 127 F.3d 470, 476 (5th Cir. 1997) (Privacy Act); <u>Hedley</u>

---

[4]  Rec. Doc. 1, p. 3.

v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979) (FOIA).  However, the United States Fifth Circuit Court of Appeals requires exhaustion as a precondition to filing a lawsuit under either statute.  Taylor, 127 F.3d at 476-77; Hedley, 594 F.2d at 1044.

In support of the contention that plaintiff failed to comply with the exhaustion requirement, defendant provides the declaration of David Luczynski, who states under penalty of perjury:

> 1.  I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).
> 2.  As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA.  The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.
> 3.  Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Sunday Adeoshun.  I have reviewed the complaint which this Declaration addresses.

## **CHRONOLOGY**

*FOIA Requst No. 04-3469*
> 4.  By letter dated September 2, 2004, Plaintiff submitted his FOIA request asking for access to various records pertaining to himself.  **Exhibit A**.
> 5.  On September 22, 2004, EOUSA responded by letter explaining to Plaintiff that there are over one hundred offices where such records could be kept and that his request did not specify in which U.S. Attorney's office he believes the

records may be kept. The letter went on to explain to Plaintiff his options, mainly to correct the deficiency by submitting a new, complete request. **Exhibit B**.

*FOIA Request No. 05-194*

6. By letter dated September 28, 2004, Plaintiff submitted another FOIA request. The letter asked for any and all information that relates to the Plaintiff that could be found in the Eastern District of Louisiana. **Exhibit C**.

7. On February 3, 2005, EOUSA informed Plaintiff that his request has been received and has been assigned a FOIA No. 05-194. **Exhibit D**.

8. By letter dated Ma[r]ch 3, 2005, Plaintiff was notified that his request has reached the allotted 2 free hours of search time and that records have been found. However, Plaintiff was notified that the search has produced over 900 pages of records, of which only 100 are provided free of charge. EOUSA charges $0.10 per page, and it was apparent that the fee would exceed $25.00. In an effort to simplify and expedite the request, Plaintiff was given an option to narrow his request as a means to limit the number of pages he would be paying for. **Exhibit E**.

9. In an effort to limit the number of pages released unnecessarily, Plaintiff has narrowed his request to a specific type of records, submitted on March 11, 2005. However, Plaintiff's attempt in narrowing his request, only prompted him to list the types of records more adequately by specifically identifying the types of records he was looking for. This resulted in 350 pages of records which still obligate the Plaintiff to pay the fee. **Exhibit F**.

10. To this day [November 28, 2005] EOUSA has not received any further communication from the Plaintiff.

11. No appeal of any kind has been made with the Office of Information and Privacy by the Plaintiff prior to bringing this action.

## **CONCLUSION**

12. Each step in the handling of Mr. Adeoshun's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.[5]

Comparing that affidavit to the assertions plaintiff makes in his opposition to defendant's motion, it is clear that the essential facts are not in dispute. Those undisputed facts are as follows:

---

[5] Rec. Docs. 31 and 36.

4

1. Plaintiff attempted to cure the defect in his prior FOIA request by submitting a new request on September 28, 2004, for documents relating to his criminal prosecution in this district.

2. On March 3, 2005, the Department of Justice ("DOJ") responded by stating that approximately 900 pages of documents had been identified as being "potentially responsive" to plaintiff's request. He was informed that, within thirty days, he must inform DOJ of his choice of the following four options:

    a. Plaintiff could elect to receive at no charge only the first 100 pages of documents responsive to his request; or

    b. he could elect to withdraw his request; or

    c. he could agree to pay the fees resulting from his request; or

    d. he could reformulate his request in an attempt to reduce the anticipated fees. He was informed that if he chose this last option, he would be notified of the revised fee amount.

Plaintiff submitted a timely response to that notification, electing the fourth option, i.e. reformulation of his request by narrowing it to specific documents. DOJ did not respond to plaintiff's reformulated request.

Unquestionably, DOJ indicated in its last correspondence that it would respond in some fashion to the reformulated request and it failed to do so. The central issue in this case is whether plaintiff was required to file an administrative appeal, which he did not do, upon the failure of DOJ to issue such a response.

Regarding such administrative appeals in FOIA cases, the Code of Federal Regulations provides in pertinent part:

> If you are dissatisfied with a component's response to your request, *you may appeal an adverse determination denying your request*, in any respect, to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001. You must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request.

28 C.F.R. § 16.9(a) (emphasis added). The Federal Regulations further provide:

> Adverse determinations, or denials of requests, consist of: a determination to withhold any requested record in whole or in part; a determination that a requested record does not exist or cannot be located; a determination that a record is not readily reproducible in the form or format sought by the requester; a determination that what has been requested is not a record subject to the FOIA; a determination on any disputed fee matter, including a denial of a request for a fee waiver; and a denial of a request for expedited treatment.

28 C.F.R. § 16.6(c). The Federal Regulations also require that any such adverse determination notification shall include "[a] statement that the denial may be appealed under § 16.9(a) and a description of the requirements of § 16.9(a)." Id. Virtually identical provisions apply with respect to Privacy Act requests submitted to DOJ. 28 C.F.R. §§ 16.43(c) and 16.45(a).

The flaw in defendant's argument is that, in the instant case, there was never a determination of any kind, adverse or otherwise, issued in response to the reformulated request plaintiff submitted at DOJ's invitation. DOJ never *denied* FOIA Request No. 05-194 either as originally submitted or as reformulated. Therefore, there was nothing for plaintiff to appeal. Accordingly, he can hardly be faulted for failing to file such an appeal. While it perhaps would have been more expedient for plaintiff to follow-up with DOJ regarding his reformulated request rather than running straight to federal court, he apparently is not required by law to pursue that more logical course. See, e.g.,

Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993) (a requester is deemed to have exhausted his administrative remedies and may immediately file suit if the agency fails to respond to his FOIA request in a timely fashion); see also Pollack v. Department of Justice, 49 F.3d 115, 118 (4th Cir. 1995) (an agency may not insist on the exhaustion of administrative remedies when it failed to respond to a proper FOIA request in a timely fashion).

Accordingly, for the foregoing reasons, defendant's motion to dismiss or, in the alternative, motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies is **DENIED**.

New Orleans, Louisiana, this ___23rd___ day of March, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**