UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUNDAY ADEOSHUN                                   CIVIL ACTION

VERSUS                                            NO. 05-0189

U.S. DEPT. OF JUSTICE                             SECTION: "F"(3)

### ORDER AND REASONS

Plaintiff, Sunday Adeoshun, a federal inmate incarcerated in Texas, filed this *pro se* civil action against the United States Department of Justice seeking documents under the Freedom of Information Act and the Privacy Act. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

This matter was set for trial on October 11, 2005.[2] However, due to Hurricane Katrina and the ensuing delays caused by the storm's damage, that trial was continued without date.[3] Defendant subsequently filed a motion to dismiss or, in the alternative, a motion for summary judgment.[4] By

---

[1] Rec. Doc. 40; see also Rec. Doc. 17.

[2] Rec. Doc. 22.

[3] Rec. Doc. 30.

[4] Rec. Doc. 31.

separate Order and Reasons issued this date, that motion has been denied. The Court now turns to plaintiff's pending motions.

(1) "Motion for Extention [sic] of Time for Preliminary Conference Notice," Rec. Doc. 15

In this motion, plaintiff requested a continuance of a preliminary conference scheduled before United States District Judge Martin L.C. Feldman. The record does not reflect a ruling on the motion. However, the conference was held as scheduled.[5] Accordingly, plaintiff's motion is now moot and is hereby **DENIED** on that basis.

(2) "Order for Production of Plaintiff Incarcerated at the Expense of the Government," Rec. Doc. 24

In this motion, plaintiff requested that he brought for the trial scheduled for October 11, 2005. As previously noted, that trial was not held and no trial is currently scheduled. Accordingly, plaintiff's motion is now moot and is hereby **DENIED** on that basis.

(3) "Motion for Production of Witnesses," Rec. Doc. 25

In this motion, plaintiff requested that the Court order that certain witnesses appear for the trial scheduled for October 11, 2005. As previously noted, that trial was not held and no trial is currently scheduled. Accordingly, plaintiff's motion is now moot and is hereby **DENIED** on that basis.

(4) "Motion for Production of Witnesses," Rec. Doc. 26

In this motion, plaintiff requested that the Court order that certain witnesses appear for the trial scheduled for October 11, 2005. As previously noted, that trial was not held and no trial is

---

[5] Rec. Doc. 16.

currently scheduled. Accordingly, plaintiff's motion is now moot and is hereby **DENIED** on that basis.

### (5) "Motion for Production of Exculpatory Evidence," Rec. Doc. 27

In this motion, plaintiff requests that the Government be ordered to produce "all actual and potential exculpatory evidence relating to issues of guilt or punishment" relating to his conviction in Criminal Action No. 01-13. That motion is **DENIED**. To the extent that plaintiff is seeking the same documents sought in his Freedom of Information Act/Privacy Act claims in this action, the Court will determine in due course whether he is entitled to those documents in its adjudication of plaintiff's underlying claims. To the extent that he is seeking other documents relating to his criminal prosecution, those documents are irrelevant to the issues in this lawsuit.

### (6) "Motion for Production of Witnesses," Rec. Doc. 28

In this motion, plaintiff requested that the Court order that certain witnesses appear for the trial scheduled for October 11, 2005. As previously noted, that trial was not held and no trial is currently scheduled. Accordingly, plaintiff's motion is now moot and is hereby **DENIED** on that basis.

### (7) "Motion for Material Facts and to Proceed to Trial," Rec. Doc. 29

In this motion, plaintiff requests that his claims be allowed to proceed to trial. However, plaintiff has since filed the motion for summary judgment discussed below. Accordingly, plaintiff's motion to proceed to trial is **DENIED**. However, the matter will be set for trial in the event plaintiff's claims are not resolved in the ruling on his pending motion for summary judgment.

### (8) "Motion for a Stay of Deportation," Rec. Doc. 33

Plaintiff captioned this motion for filing in his criminal proceedings, Criminal Action No. 01-13; however, the motion was docketed in this civil action filed pursuant to the Freedom of Information Act and Privacy Act. In the motion, plaintiff requests that the Court enjoin the Government from deporting him until a trial is held in this matter. Petitioner's immigration problems are separate and distinct from his Freedom of Information Act/Privacy Act claims, and any immigration claims he may have are not properly before this Court. Moreover, a trial is not currently set in this matter and may not be required in light of plaintiff's pending motion for summary judgment. Plaintiff's motion for a stay of deportation is therefore **DENIED**.

### (9) "Motion for Relief from Judgment," Rec. Doc. 34

Again, plaintiff captioned this motion for filing in his criminal proceedings, Criminal Action No. 01-13; however, the motion was docketed in this civil action. In this motion, plaintiff seeks relief pursuant to Fed.R.Civ.P. 60(b). The Government has opposed the motion, arguing that it is successive and abusive. Rec. Doc. 38. To the extent that the motion was in fact intended for filing in this case, the motion is **DENIED**. There has been no judgment issued in this case.[6]

### (10) "Motion for Summary Judgment," Rec. Doc. 35

In this motion, plaintiff seeks summary judgment with respect to his claims. This Court previously rejected defendant's assertion that plaintiff should be denied relief based on an alleged

---

[6] To the extent that plaintiff actually intended for the motion to be filed in his criminal case, the undersigned has no authority to issue a ruling in that case. However, the Court notes that Judge Feldman has already denied a Rule 60(b) motion in that case on the basis that it was an attempt to file a successive motion pursuant to 28 U.S.C. § 2255. If plaintiff in fact wishes to file a successive § 2255 motion in his criminal case, he should comply with the statutory provisions for doing so.

failure to exhaust his administrative remedies.  Accordingly, defendant is hereby **ORDERED** to respond to plaintiff's motion for summary judgment within twenty days.  If that motion is opposed on any basis, defendant shall also address plaintiff's underlying claims on the merits and state its position as to why plaintiff is not entitled to the documents he seeks in this proceeding.

New Orleans, Louisiana, this __23rd__ day of March, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**